UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHASE A. REED,<br><br>    Petitioner,<br><br>vs.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:16-cv-00498-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Petitioner Chase A. Reed is proceeding on his Second Amended Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 12.) Respondent Randy Blades has filed a Motion for Summary Dismissal, asserting that this action was filed outside the statute of limitations period, and Petitioner has filed a Response. (Dkts. 21, 23.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkts. 2, 16, 18.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

  Having reviewed the record in this matter and considered the arguments of the parties, the Court enters the following Order.

## BACKGROUND

  Petitioner pleaded guilty to lewd and lascivious conduct with a minor child in 2006. He was sentenced to a unified term of incarceration of twenty years, with five years

fixed. However, his sentence was suspended, and he was placed on probation. (*See* State's Lodging E-1.)

In 2010, Petitioner violated the terms of his probation. The state district court revoked his probation and ordered that his original sentence be executed. Petitioner did not file an appeal. (*See* State's Lodging E-2.)

In 2016, Petitioner filed a civil motion in his criminal case to challenge aspects of his criminal conviction. The state district court construed the motion as a post-conviction application. That motion/application was summarily dismissed on grounds of untimeliness and lack of merit. Petitioner did not file an appeal. (*See* State's Lodgings D-1; A-1, pp. 26-36.)

On June 12, 2017, Petitioner filed a successive post-conviction application in state court. He asserted the same claims as in the 2016 filing, with an additional claim that his conviction was unsupported by any evidence. The State filed a motion to dismiss the application, and the state district court held oral argument. The state court entered an order dismissing the application as untimely, precluded by res judicata, and conclusory. (*See* State's Lodgings A-1, pp. 4-21; A-2; and B-1 to B-6.)

Petitioner filed an appeal challenging dismissal of his successive post-conviction application. The Idaho Court of Appeals affirmed dismissal on grounds that the application was untimely and because he "failed to challenge all the bases on which the [state district court] denied his successive post-conviction petition." (State's Lodging B-6, p. 3.) Petitioner filed a petition for review with the Idaho Supreme Court. That petition was denied and the remittitur entered on June 4, 2019. (State's Lodgings B-7 to B-12.)

**MEMORANDUM DECISION AND ORDER - 2**

In this action, Petitioner first filed a "Notice of Removal" on October 24, 2016. (Dkt. 1.) He filed a First Amended Petition on November 28, 2016. (Dkt. 5.) After a stay of this action to permit him to attempt to exhaust his state court remedies, he filed a Second Amended Petition. (Dkt. 12.)

## STANDARD OF LAW

1. **Summary Dismissal**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties.

2. **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year* means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

**MEMORANDUM DECISION AND ORDER - 3**

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality

**MEMORANDUM DECISION AND ORDER - 4**

after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[1]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

3. **Equitable Tolling**

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and

---

[1] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

the extraordinary circumstances. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")).

   4. **Actual Innocence**

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations, and that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383 (2013). "'Actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 400 (quoting *Schlup*, 513 U.S. at 327). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

## REVIEW OF MOTION TO DISMISS

Petitioner's state criminal judgment of conviction became final 42 days after entry of that judgment, when the appeal time expired. The judgment was entered on October

24, 2006. Adding 42 additional days means finality occurred on Monday, December 5, 2006. The federal statute of limitations began on the day of finality—December 5, 2006—and expired 366 days later, on December 5, 2007. Petitioner had no pending state court actions challenging his conviction between 2006 and 2010, and then again nothing pending between 2010 and 2016. Therefore, it is clear that Petitioner's federal habeas corpus statute of limitations expired on December 5, 2007, and his original federal filing on October 4, 2016 was many years too late.

Petitioner does not contest Respondent's calculation of the statute of limitations. Instead, he asserts that he is actually innocent. He asserts that his actual innocence is proven because "[n]o evidence was ever collected that would give the jury the ability to determine guilty or innocence." (Dkt. 23, p. 1.) He also states that an affidavit he has provided supports his position, but it is unclear whether it is included in the State's Supplemental Lodgings or where that affidavit can be found. (*Id*., p. 2.)

In addition, he asserts that the State's attorney never provided him the following copies: (1) the "'log sheet' from the magistrate division IACR 25(B) and (C) compliant with IC 9-316, 312"; (2) the felony information; (3) the "felony complaint ICR 3"; (4) the indictment; and (5) "any and all depositions IC 19-801-825, compliant with Constitution Article 1 Section 8."

Petitioner provides no facts to support his actual innocence assertion, but requests that the Court set a hearing to accommodate him. Petitioner is not entitled to a hearing without making a showing that he has some facts supporting his claim. Neither is the Court required to search through the record to attempt to find the "facts" or "evidence" to

**MEMORANDUM DECISION AND ORDER - 7**

which Petitioner alludes in his filing. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Petitioner will be given an opportunity to clearly, briefly, and succinctly set forth each fact and each piece of evidence that supports his actual innocence assertion, as set forth below.

## CONCLUSION

The Court will conditionally grant the Motion to Dismiss on untimeliness grounds, but it will provide Petitioner with an opportunity to provide facts to show his actual innocence. He is not required to make any legal argument. Nor is he entitled to a hearing to show actual innocence at this point. Rather, he must provide a statement of each fact supporting his actual innocence assertion, and each fact must be accompanied by a statement of where, in this Court's record, the evidence supporting the fact can be found.

Respondent will be required to provide Petitioner with those items (1) through (5) that are not already contained in the record, or to point him to where those items can be found in the record. If Respondent needs clarification on what Petitioner needs, they should have a discussion. If Respondent does not have the items Petitioner needs, Respondent should tell Petitioner in writing.

A briefing schedule for Petitioner's actual innocence argument is set forth below.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Dkt. 21) is CONDITIONALLY GRANTED.

2. Respondent must provide the documents or a writing explaining that the State is not in possession of the documents Petitioner has requested, as set forth above, no later than **30 days** after entry of this Order.

3. Petitioner must file a brief in response to this Order showing the facts and evidence supporting his assertion of actual innocence no later than **60 days** after entry of this Order. Petitioner need not make any legal arguments.

4. Respondent may file a reply to Petitioner's brief within **21 days** after it is filed.

5. Petitioner's Request for an Evidentiary Hearing (Dkt. 23) is DENIED without prejudice.

6. Failure of Petitioner to file a brief will result in the Court entering a final Order dismissing this matter with prejudice on statute of limitations grounds without further notice.

DATED:  July 15, 2020

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge